IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARVIN JONES, | ) |
| Plaintiff, | ) Civil Action No. 16-1494 |
| | ) Judge Mark R. Hornak/ |
| v. | ) Chief Magistrate Judge Maureen P. Kelly |
| BRIAN THOMPSON, ANDREA SHIOCK, C/O ANDREWS, SGT. BUTLER, LT. CYPHERT, PA HORNMAN, and DORINA VARNER, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this civil action be dismissed for failure to prosecute given that Marvin Jones ("Plaintiff") has failed to keep the Court informed of his current address.

### II. REPORT

**A. Procedural History**

At the time of initiation of this suit, Plaintiff was apparently out of prison and living in a private residence in Erie, Pennsylvania. On September 29, 2016, the Clerk's Office received a civil rights Complaint from Plaintiff, acting pro se, without a filing fee and without a motion for leave to proceed in forma pauperis ("IFP motion"). ECF No. 1. The proposed Complaint alleged that while Plaintiff was housed in the State Correctional Institution at Mercer, he was injured on November 22, 2014, by a block of ice that fell on him and that he did not receive adequate treatment for the injury. Given Plaintiff's failure to include the filing fee or an IFP

motion, the Court issued a deficiency order on October 6, 2016, directing Plaintiff to rectify this deficiency, among other deficiencies. ECF No. 2. The deficiency order was sent to Plaintiff at his address of record. On October 17, 29016, the deficiency order was returned by the United States Postal Service, with a notation that "ATTEMPTED NOT KNOWN UNABLE TO FORWARD." ECF No. 3. Accordingly, due to Plaintiff's failure to keep the Court informed of his current address, the Court is unable to communicate with Plaintiff and the case is incapable of being prosecuted further.

**B. Discussion**

A district court has the inherent power to *sua sponte* dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a party's failure to comply with an order of court or for a party's failure to prosecute. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[2] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

---

[2] See, e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) ("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

In <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. <u>Id.</u> at 868. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the Court of Appeals. <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, the Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." <u>Id</u>.

To the extent that the several <u>Poulis</u> factors apply to a situation where the plaintiff has failed to keep the Court informed of his current address and, as a consequence, there is no way to communicate with the pro se plaintiff, we find the <u>Poulis</u> factors weigh in favor of dismissal for failure to prosecute. What the Court stated in <u>Bey v. Keen</u>, No. 3:CV-12-2283, 2014 WL 6908146, at *1–*2 (M.D. Pa. Dec. 8, 2014), is equally applicable here:

> Kelly Bey's failure to advise this Court of his current whereabouts indicates that he is no longer interested in pursuing his request for federal habeas corpus relief and precludes this Court from taking any further action in this matter….
> The inability of this Court to communicate with Petitioner is solely the result of his own inaction and prevents the taking of any other sanctions. *See Poulis v. State Farm*, 747 F.2d 863 (3d Cir.1984). Since Kelly Bey's present whereabouts are unknown, it would be a waste of judicial resources to allow this

action to continue. This Court is satisfied that based on the present circumstances, dismissal of this action … for failure to prosecute is warranted.

Accord Davila v. Kozak, No. CIV.A. 13-67J, 2014 WL 904301, at *7 (W.D. Pa. March 5, 2014) ("this action should be dismissed for Plaintiff's failure to prosecute because he has failed to keep the Court apprised of his current address and his whereabouts are currently unknown.").

### III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Plaintiff's case be dismissed for failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

RESPECTFULLY SUBMITTED:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Date: October 24, 2016

cc: The Honorable Mark R. Hornak
United States District Judge

MARVIN JONES
520 East 16th Street
Apartment Number 5
Erie, PA 16503